IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT ERIK JACKSON,<br><br>                  Plaintiff,<br><br>      v.<br><br>POINT MACKENZIE<br>CORRECTIONAL FARM, et al.,<br><br>                  Defendants. | Case No. 3:24-cv-00216-SLG |

## ORDER OF DISMISSAL

On October 3, 2024, self-represented prisoner Scott Erik Jackson ("Plaintiff") filed a civil complaint, a civil cover sheet, two applications to waive prepayment of the filing fee, and summons forms.[1] Plaintiff also filed 115 pages of documents, including medical records from North County Medical, copies of records from the Department of Corrections ("DOC"), and Plaintiff's handwritten notes, legal research, and arguments.[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[3]

---

[1] Dockets 1-4.

[2] Docket 1-1.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

Plaintiff's claims relate to events that allegedly occurred while he was serving a sentence in the custody of the Department of Corrections ("DOC").[4] Plaintiff claims that on February 28, 2024, he was transferred from the Goose Creek Correctional Center ("Goose Creek") to the Point MacKenzie Correctional Farm ("the Farm"), "a minimum security facility housing sentenced inmates."[5] Upon his arrival at the Farm, Plaintiff claims he told the correctional officers that a urinary analysis would show a positive result for Buprenorphine because, as a recovering addict, he had been taking Sublocade under the supervision of his physician.[6] After his urinary analysis showed a positive result for Buprenorphine, Plaintiff claims he was transferred back to Goose Creek, "re-scanned (x-ray), shackled in wrist and leg irons… [and] thrown into solitary confinement."[7] Plaintiff alleges he was humiliated, stripped of his dignity, and punished for having done nothing wrong.[8]

---

[4] Docket 1. *See also State of Alaska vs. Jackson, Scott Erik,* Case No. 4FA-23-02356CR (Disposition Date: 01/19/2024; Guilty Conviction After Guilty Plea); *State of Alaska vs. Jackson, Scott Erik,* Case No. 4FA-23-02324CR (Disposition Date: 01/19/2024; Dism. Plea Agreement in Another Case-CrR 43(a)(2)).

[5] Alaska Department of Corrections, *Institutions: About PMCF*, https://doc.alaska.gov/institutions/point-mackenzie.

[6] Docket 1-1 at 54. SUBLOCADE® is a prescription medicine used to treat adults with moderate to severe addiction (dependence) to opioid drugs (prescription or illegal) who have received an oral transmucosal (used under the tongue or inside the cheek) buprenorphine-containing medicine at a dose that controls withdrawal symptoms for at least 7 days. *See* https://www.sublocade.com/ .

[7] Docket 1-1 at 31.

[8] Docket 1-1 at 31.

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 2 of 15
Case 3:24-cv-00216-SLG    Document 8    Filed 02/19/25    Page 2 of 15

Plaintiff claims he remained in segregation for seven days,[9] from February 28, 2024 through March 5, 2024.[10] For relief, Plaintiff seeks $1.6 million in damages, $1.6 million in punitive damages, changes to DOC policy, and for all employees involved to be "stripped of their titles."[11] Plaintiff states that he is "seek[ing] judicial [relief] both at the state and federal levels."[12]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Additionally, federal courts must abstain from interfering with ongoing state criminal, civil, and administrative proceedings[13]—such as is the case here, where Plaintiff's appeal of the final disciplinary decision is pending in the Alaska Superior Court.[14] For these reasons, the Complaint is DISMISSED. The Court

---

[9] Docket 1-1 at 31. The Court has confirmed that Plaintiff is currently housed at the Goose Creek Correctional Center. Information regarding inmates in the custody of the Alaska Department of Corrections, such as an inmate's current location and tentative release date, is available through the Victim Information and Notification Everyday (VINE) service at www.vinelink.com. *Cf. United States v. Basher,* 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice that Bureau of Prisons' inmate locator available to the public).

[10] Docket 1-1 at 55.

[11] Docket 1 at 7 (cleaned up).

[12] Docket 1-1 at 35.

[13] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091–92 (9th Cir. 2008). *See also Younger v. Harris,* 401 U.S. 37 (1971).

[14] *See Jackson, Scott Erik vs. Department of Corrections,* Case No. 3AN-24-08669CI (Case Type: Appeal from Administrative Agency).

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 3 of 15
Case 3:24-cv-00216-SLG    Document 8    Filed 02/19/25    Page 3 of 15

further finds amendment would be futile and therefore will not grant Plaintiff leave to file an amended complaint.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[15] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[16]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[17] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[18] Although the scope of review generally is limited

---

[15] 28 U.S.C. §§ 1915, 1915A.

[16] 28 U.S.C. § 1915(e)(2)(B).

[17] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[18] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 4 of 15
Case 3:24-cv-00216-SLG   Document 8   Filed 02/19/25   Page 4 of 15

to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[19] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[20]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[21] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[22]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[23] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me

---

[19] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[20] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[21] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[22] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[23] Fed. R. Civ. P. 8(a)(2).

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 5 of 15
Case 3:24-cv-00216-SLG   Document 8   Filed 02/19/25   Page 5 of 15

accusation[s]" are insufficient to state a claim.[24] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[25]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[27] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury because of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[28]

---

[24] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[26] *Ashcroft*, 556 U.S. at 678.

[27] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[28] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 6 of 15
Case 3:24-cv-00216-SLG   Document 8   Filed 02/19/25   Page 6 of 15

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[29] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[30] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[31] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[32]

### A. Plaintiff cannot bring claims against the Point MacKenzie Correctional Farm or Goose Creek Correctional Center

A defendant in a civil rights lawsuit must be a "person."[33] States and state agencies are not considered "persons" under Section 1983.[34] Further, the Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's

---

[29] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[30] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[31] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[32] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[33] 42 U.S.C. § 1983.

[34] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989).

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 7 of 15
Case 3:24-cv-00216-SLG   Document 8   Filed 02/19/25   Page 7 of 15

governmental branches, divisions, offices, and departments), unless the state or agency's immunity has been waived.[35]

The State of Alaska has not waived immunity for civil rights claims alleging violations of the federal Constitution. Therefore, any claims against the State of Alaska or its agencies, such as DOC, are not viable in federal court. Because the Farm and Goose Creek are facilities in the State of Alaska's DOC system,[36] Plaintiff's claims against these defendants are dismissed with prejudice.

### B. Claims Against Individual Defendants

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[37] To state a claim, a plaintiff must identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury.

In Claim One, Plaintiff alleges that on or about February 28, 2024, eight employees at the Farm wrongfully accused him of a "(c)(7)" infraction after his

---

[35] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[36] *Institutions,* ALASKA DEPARTMENT OF CORRECTIONS, https://doc.alaska.gov/institutions.

[37] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 8 of 15
Case 3:24-cv-00216-SLG   Document 8   Filed 02/19/25   Page 8 of 15

urinalysis test came back positive.[38] In Claim Two, Plaintiff claims ten Goose Creek employees violated his rights by placing him in segregation for the positive urinalysis result.[39] Plaintiff does not specifically allege how each named defendant is involved, and there can be no liability without an affirmative link or connection between a defendant's actions and the claimed deprivation.[40]

### C. Claims regarding Disciplinary Decisions

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint.[41] Claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas relief, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions under Section 1983.[42] As explained below, Plaintiff has not pleaded sufficient facts that, accepted as true, state a plausible claim for relief under Section 1983, and the Court declines to convert this case into a habeas action. Further, in this case, abstention is appropriate under the principals of equity, comity and federalism enunciated in *Younger v. Harris*.[43]

---

[38] Docket 1 at 3. *See also* 22 AAC 05.400(c)(7)(c) (classifying possession, use, or introduction of contraband as a high-moderate infraction).

[39] Docket 1 at 4.

[40] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[41] *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[42] *Nettles v. Grounds,* 830 F.3d 922, 934 (9th Cir. 2016) (en banc).

[43] 401 U.S. 37 (1971).

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 9 of 15
Case 3:24-cv-00216-SLG     Document 8     Filed 02/19/25     Page 9 of 15

### 1. Due Process Claims

The Due Process Clause of the Fourteenth Amendment prohibits the government from depriving an individual of a liberty or property interest without following the proper procedures for doing so.[44] To succeed on a procedural due process claim, a prison inmate must establish (1) that he possessed a liberty interest and (2) that the defendants deprived him of that interest by use of insufficient process.[45]

A prisoner does not have a right to a particular classification or custody level.[46] Prisoners also have no liberty interest in remaining housed in the general prison population[47] or in remaining free from different types of segregation.[48] Prison officials may assign any housing or enforce any sanctions that are "within the normal limits or range of custody which the conviction has authorized the State to impose."[49] The Due Process Clause is not implicated by every change in conditions of confinement, not even ones having a "substantial adverse impact" on

---

[44] *See Wolff v. McDonnell*, 418 U.S. 539, 558-66 (1974).

[45] *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005).

[46] *See Myron v. Terhune,* 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison). *See also McFarland v. Cassady*, 779 F.2d 1426, 1427-28 (9th Cir. 1986).

[47] *Smith v Noonan*, 992 F.3d 987, 989 (9th Cir. 1993); *McFarland v. Cassady*, 779 F.2d 1426, (9th Cir. 1986)).

[48] *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (citing *Sandin v. Conner,* 515 U.S. 472, 485-86 (1995)).

[49] *Sandin*, 515 U.S. at 478 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 10 of 15
Case 3:24-cv-00216-SLG    Document 8    Filed 02/19/25    Page 10 of 15

a prisoner.[50] Instead, due process protections only arise when prison officials impose "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison life."[51] According to the United States Supreme Court, "punitive segregation is almost indistinguishable from administrative segregation and protective custody, and "d[oes] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" and therefore does not implicate any particular federal due process rights.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."[52] Instead, a disciplinary proceeding must accommodate both "institutional needs and objectives and the provisions of the Constitution that are of general application."[53] A plaintiff does not state a due process claim for relief if he was provided with constitutionally adequate procedural protections but he disagrees with the result. The United States Supreme Court has held that due process for all types of *disciplinary* segregation demands only that the prison hearing officer's decision be supported by "some evidence," and that the evidence "have some indicia of reliability"—a test now known as the *Hill* standard.[54] The "relevant

---

[50] *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

[51] *Sandin*, 515 U.S. at 483−84.

[52] *Wolff*, 418 U.S. at 556.

[53] *Id.*

[54] *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 11 of 15
Case 3:24-cv-00216-SLG   Document 8   Filed 02/19/25   Page 11 of 15

question is whether there is any evidence in the record that could support the conclusion reached."[55]

In this case, Plaintiff was accorded a disciplinary hearing on March 12, 2024—albeit via phone instead of in person.[56] Although Plaintiff insisted that he had proof to justify the positive result, the substance abuse testing form indicated Plaintiff did not claim to have taken any medication or unauthorized substances.[57] Further, it does not appear that his doctor sent the information about Sublocade to DOC until May 2024.[58] And in addition to the positive urinalysis, there was also a "black mass" in the x-ray, which may have contributed to the disciplinary action.[59] The hearing officer also appears to have based his decision on an assertion from DOC medical staff that Plaintiff was not taking any medication that could cause a positive result.[60] This evidence, even if not accurate with regard to the potential impact of the

---

[55] *Hill*, 472 U.S. at 455-56.

[56] Docket 1-1 at 112-115.

[57] Docket 1-1 at 108.

[58] *See* Docket 1-1 at 81 (Letter dated 05/02/2024 from Plaintiff's doctor explaining that if SUBLOCADE is discontinued, its extended-release characteristics should be considered and the patient should be monitored for several months for signs and symptoms of withdrawal and treated appropriately. After steady-state has been achieved (4-6 months), patients discontinuing SUBLOCADE may have detectable plasma and urine levels of buprenorphine for twelve months or longer *[see Clinical Pharmacology (12.3)]."*

[59] Docket 1-1 at 55. See also Docket 1-1 at 60 (x-ray image).

[60] Docket 1-1 at 112, 115.

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 12 of 15
Case 3:24-cv-00216-SLG     Document 8     Filed 02/19/25     Page 12 of 15

administration of the Sublocade approximately one year earlier, is adequate to meet the "some evidence" standard required to satisfy due process.

Plaintiff appealed the hearing decision and continued to appeal until he fully exhausted the prison's grievance procedure.[61] The Director of Institution's final decision in the disciplinary proceeding informed Plaintiff that "to file an administrative appeal to the Superior Court, [he] must file a notice of appeal (and any other documents required by the Alaska Rules of Appellate Procedure) with the Superior Court within 30 days from the date the Director's decision was mailed to [him].[62] Plaintiff appealed the Director's decision to the Alaska Superior Court on August 26, 2024, where it is still pending.[63]

Plaintiff filed this lawsuit on October 3, 2024.[64] Accepting the facts as true and construing the claims in the light most favorable to Plaintiff—as the Court must

---

[61] Docket 1-1 at 67 ("The Director of Institutions decision in this disciplinary matter is a final order.").

See Docket 1-1 at 65 ("The Director's decision is the final decision and order of the Department).

[62] Docket 1-1 at 67 (citing Rules 602(a)(2) and 502(a) of the Alaska Rules of Appellate Procedure). See also 22 AAC 05.480 (describing procedure for "[a]ppeal[s] from disciplinary decisions"). See also Alaska Stat. 33.30.295(a) ("A prisoner may obtain judicial review by the superior court of a final disciplinary decision by the department only if the prisoner alleges specific facts establishing a violation of the prisoner's fundamental constitutional rights that prejudiced the prisoner's right to a fair adjudication.").

[63] *Jackson, Scott Erik vs. Department of Corrections,* Case No. 3AN-24-08669CI (Case Type: Appeal from Administrative Agency).

[64] Docket 1.

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 13 of 15
Case 3:24-cv-00216-SLG    Document 8    Filed 02/19/25    Page 13 of 15

at the screening stage—Plaintiff has not stated a plausible federal due process claim. Therefore, the only available judicial forum for Plaintiff to seek redress, if any, is not a federal court but the Alaska Superior Court.[65]

### III. Habeas Corpus

Although Plaintiff has failed to state a plausible Section 1983 claim, habeas corpus jurisdiction may be available under 28 U.S.C. § 2241 for a prisoner's claim that a disciplinary action extended the length of his sentence, made him immediately ineligible for or delays parole, or caused the loss of good-time credits.[66]

Liberally construed, Plaintiff may have intended to claim that this disciplinary action impacted his ability to be released from custody with electronic monitoring or otherwise impacted the duration of his confinement or resulting in a "quantum change in custody."[67] However, Plaintiff does not provide sufficient facts for the Court to conclude whether expungement of this disciplinary finding would impact Plaintiff's eligibility for electronic monitoring, and thus, the duration of his

---

[65] 22 AAC 05.480 (describing procedure for "[a]ppeal[s] from disciplinary decisions"). *See also* Alaska Stat. 33.30.295(a) ("A prisoner may obtain judicial review by the superior court of a final disciplinary decision by the department only if the prisoner alleges specific facts establishing a violation of the prisoner's fundamental constitutional rights that prejudiced the prisoner's right to a fair adjudication.").

[66] *Nettles v. Grounds,* 830 F.3d 922 (2016).

[67] A quantum change in custody" for purposes of habeas corpus refers to a significant alteration in the level or type of custody experienced by the petitioner, such as moving from prison to parole.

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 14 of 15
Case 3:24-cv-00216-SLG    Document 8    Filed 02/19/25    Page 14 of 15

confinement. In the absence of a clear intent to bring a habeas petition, federal courts should refrain from converting a defective civil rights claim into a habeas petition.[68] Further, habeas cases have strict procedural requirements that must be met before such claims may be filed in federal court, and the proper respondent in a habeas case is the person who has custody over the petitioner, such as the superintendent of the facility where he is confined.[69] Finally, the *Younger* abstention doctrine precludes the Court from considering Plaintiff's claims while they are also pending in state court.[70] Therefore, the Court will not convert this civil rights case into a habeas case.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**.

2. This dismissal does not count as a strike under 28 U.S.C. § 1915(g).

3. All pending motions are **DENIED as moot.**

4. The Clerk shall issue a final judgment and close this case.

DATED this 19th day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[68] *Trimble v. City of Santa Rosa,* 49 F.3d 583, 586 (9th Cir. 1995).

[69] *Rumsfeld v. Padilla,* 542 U.S. 426, 434-435 (2004). *See also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[70] *Younger v. Harris,* 401 U.S. 37 (1971).

Case No. 3:24-cv-00216-SLG, *Jackson v. Point MacKenzie Correctional Farm, et al.*
Screening Order
Page 15 of 15
Case 3:24-cv-00216-SLG   Document 8   Filed 02/19/25   Page 15 of 15